ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 17 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| LaTONYA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) NO. 1:10-CV-0452 |
| SUNTRUST BANK, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff LaTonya Davis ("Davis" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint as follows:

1.

Plaintiff brings this lawsuit against Defendant SunTrust Bank ("SunTrust") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

### Parties

2.

Plaintiff was employed within this judicial district by SunTrust as an Information Security Analyst in the User Access Group during the period

beginning three years prior to the filing date of this Complaint until on or about April 1, 2009 (the "relevant period"), when she began working under the job title of Security Officer.

3.

Upon information and belief, SunTrust is a Georgia corporation, and may be served with process through its registered agent, Raymond D. Fortin, c/o Hasana R. Kelly, 303 Peachtree Street, Suite 3600, Atlanta, Georgia 30308.

**Jurisdiction and Venue**

4.

This Court has jurisdiction over the claims in this civil action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 216(b).

5.

SunTrust is headquartered in this judicial district, and reported its principal place of business in its 2009 annual registration with the Secretary of State of the State of Georgia as being 303 Peachtree Street N.E., 30th Floor, Atlanta, Georgia 30308.

6.

Upon information and belief, SunTrust is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act ("FLSA"), with annual

gross revenues in excess of $500,000, and is an "employer" under the FLSA.

7.

Plaintiff requested, and SunTrust refused, permission to join the conditionally certified collective action against SunTrust pending in this court styled Jackson, et al. v. SunTrust Bank, Case No. 1:09-cv-01928-TCB (the "collective action"), by filing her Opt-In Consent in that collective action after the January 25, 2010 opt-in filing deadline.

8.

Plaintiff files as an attachment hereto her Opt-In Consent, which demonstrates Plaintiff's intention to proceed with her claims in this action if not consolidated with the collective action, as well as her intention to join the collective action if this action is consolidated with that collective action at any time in the future.

**Facts Related To All Counts**

9.

Plaintiff is an "employee" entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 206(a).

10.

As an Information Security Analyst, Plaintiff performed the general job duties of implementing, modifying, and/or terminating computer user access for SunTrust employees ("users") based on instructions from others at SunTrust as to the level of user access to be provided and pursuant to procedural guidelines and protocols developed and established by others at SunTrust regarding the implementation, modification, and/or termination of user access regarding SunTrust's computer systems.

11.

Plaintiff was paid a salary as compensation for working a regularly scheduled 40-hour work week as an Information Security Analyst, but SunTrust frequently suffered or permitted her to work more than 40 hours in a work week without receiving overtime compensation at the rate of time and a half her applicable regular rate -- i.e., her weekly salary divided by the regularly scheduled 40-hour work week that it was intended to compensate ("regular rate") -- as required by the FLSA.

12.

Until approximately April 1, 2009, SunTrust internally classified the Information Security Analyst position held by Plaintiff as FLSA exempt and did not keep records of her hours worked.

13.

In or about March, 2009, with an effective date on or about April 1, 2009, SunTrust informed Plaintiff that it was internally reclassifying her position as FLSA non-exempt, that she would thenceforth be paid on an hourly basis and would have to record and enter her hours worked, and that she was no longer permitted to take 15-minute breaks during the day other than her regularly scheduled lunch break.

14.

SunTrust misclassified Plaintiff as FLSA exempt throughout her employment as an Information Security Analyst during the relevant period.

15.

Despite SunTrust's acknowledgement of its FLSA misclassification as evidenced by this reclassification, SunTrust has willfully violated and continues to willfully violate the FLSA by not paying Plaintiff overtime compensation at the

rate of one and a half times her regular rate for hours worked over forty during the relevant period in addition to liquidated damages and interest.

16.

Upon information and belief, SunTrust failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## Count 1: FLSA

17.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

18.

SunTrust failed to pay Plaintiff the overtime compensation owed to her under, and in the manner required by, the FLSA for her hours over forty in a work week worked as an Information Security Analyst during the relevant period.

19.

SunTrust's violations of the FLSA as alleged herein were willful.

20.

Plaintiff is entitled to recover her back overtime pay at the rate of one and a half times her regular rate, in addition to an equivalent amount as liquidated

damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Award Plaintiff her back overtime pay at one and a half times her regular rate, an equivalent amount as liquidated damages, and prejudgment interest for all hours worked over forty in a work week during the time period beginning three years prior to the filing date of this Complaint through the date of judgment;

2. Award Plaintiff her costs and attorney's fees; and

3. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 16th day of February, 2010.

_____
C. Andrew Head
Georgia Bar No. 341472
Attorneys for Plaintiff
CROWLEY CLARIDA & HEAD LLP
Suite 500
900 Circle 75 Parkway
Atlanta, Georgia 30339-3099
678/888-0036
Email: ahead@cchlawfirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHEN JACKSON, CINDY )
WILLIAMS, LUCI POOLE, and )
CYNTHIA STINSON, individually )
and on behalf of all others similarly )
situated, )
)
        Plaintiffs, )
)
v. ) Civil Action No. 1:09-cv-01928-TCB
)
SUNTRUST BANK, )
)
        Defendant. )

## CONSENT TO JOIN SUNTRUST OVERTIME LAWSUIT

I understand that I may be eligible to join this lawsuit filed by Stephen Jackson, Cindy Williams, Luci Poole, and Cynthia Stinson (the "Representative Plaintiffs") to recover alleged unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from SunTrust Bank ("Defendant") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendant, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against Defendant. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.

I understand that the Representative Plaintiffs have entered into a joint contingency fee agreement with the law firms of Crowley Clarida & Head LLP and Lee & Braziel, LLP ("Law Firms"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such Contingency Fee Agreement. I understand that I may obtain a copy of the Contingency Fee Agreement by requesting it from the Representative Plaintiffs' counsel.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendant, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime wages alleged to be owed to me by Defendant, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. If this consent is not executed and filed in this litigation within the time provided by the Court, it may be used in subsequent case for the same purpose.

I hereby consent to join in this lawsuit.

_____  _11/05/2010_____
Signature                    Date

LaTonya C. Davis
Printed Name

2